# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AERON GORDON,

     Plaintiff,

v.

MEDTRONIC, INC.

     Defendant.

Case No.

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Aeron Gordon, by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.    That Plaintiff is a resident of the City of Lansing, County of Ingham and State of Michigan.

2.      Defendant, Medtronic USA, Inc. (hereinafter "Medtronic") is a foreign corporation whose Resident Agent is CSC-Lawyers Incorporating Service, Registered Office Street Address is 3410 Belle Chase Way, Suite 600, Lansing, Michigan 48911 and whose principal place of business is located at 602 Watson St., SW, Grand Rapids, Michigan 49504 and who is duly authorized to conduct business in the State of Michigan including the City of Grand Rapids.

3.      The events giving rise to this cause of action occurred in the Western District of Michigan.

4.      Jurisdiction and venue are proper in the District Court for the Western District of Michigan pursuant to 28 USC §1391(b) and (c) and this Honorable Court has pendant jurisdiction over Plaintiff's state law claims under 28 USC §1367.

5.      Jurisdiction and venue are proper in the District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

6.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

7.      Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting violations of Sexual Harassment and Sex/Gender Discrimination under Title VII and the ELCRA, and retaliation which resulted in economic and emotional damages to the Plaintiff.

## **GENERAL ALLEGATIONS**

2

8.    Plaintiff incorporates by reference paragraphs 1 through 7 of the Complaint as though fully set forth herein.

9.    Plaintiff is a female who began her employment in January 2016 and was most recently employed as Production Group Lead 5.

10.    In February 2025 Plaintiff began to be sexually harassed and sexually assaulted by a male co-worker who would walk up behind her and touch her butt.

11.    The first incident occurred in February 2025 and Plaintiff hoped it was accidental, but it happened again in March, 2025 when he touched her butt again.

12.    This time Plaintiff suspected it was intentional, but was not sure.

13.    On April 30, 2025 he touched her butt again and Plaintiff confronted him.

14.    The co-worker never intentionally touched male workers and targeted Plaintiff due to her gender.

15.    Plaintiff could tell by his response that it was intentional which Plaintiff reported to HR.

16.    The co-worker, whom Plaintiff managed, was placed on leave while the Respondent conducted an investigation.

17.    On May 20, 2026 Plaintiff was told the investigation was done and due to the lack of evidence and witnesses Defendant had to close the investigation and

3

the co-worker would be returning to work.

18.    Plaintiff asked if the co-worker was returning to her department and when she was told he was returning to her department and would be working with her.

19.    Plaintiff told Defendant she was uncomfortable working in the same Department as him and in fear for her safety.

20.    Plaintiff asked Defendant if he or she could be removed or separated, but Defendant refused to separate them.

21.    When the co-worker returned Plaintiff could feel him continuously watching her, trying to make eye contact and engage with her.

22.    Plaintiff continued to complain to Defendant  but nothing was done to stop the harassment.

23.    His actions and Respondent's failure or refusal to take appropriate remedial action caused an anxiety attack.

24.    The co-worker's actions in repeatedly touching her butt created an offensive and hostile work environment and interfered with her ability to do her job.

25.    After Respondent refused to take corrective actions to stop the harassment and intimidation Plaintiff realized no reasonable person would work under those circumstances and Plaintiff was constructively discharged.

4

26.    Plaintiff was sexually harassed and discriminated against creating an offensive and hostile work environment and adverse employment actions in violation of Title VII.

27.    Plaintiff filed with the Equal Employment Opportunity Commission on October 21, 2025,  Charge Number 471-2026-00405.

28.    On or about March 10, 2026 the EEOC issued a Right to Sue Letter to Plaintiff.

**COUNT I**
**SEXUAL HARASSMENT**

29.    Plaintiff incorporates by reference paragraphs 1 through 28 of the Complaint as though fully set forth herein.

30.    Plaintiff belongs to a protected class as a female.

31.    Plaintiff was subjected to communications and conduct on the basis of sex when she was repeatedly touched in the butt by a male co-worker.

32.    The unwelcome sexual conduct and communication was intended to and did substantially interfere with Plaintiff's employment and created an intimidating, hostile,  and offensive work environment due to sex.

33.    Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, et seq., and Title VII, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment and/or hostile work environment at work based upon sex or Plaintiff's gender/sex.

34.    Defendant knew Plaintiff was being sexually harassed and subjected to a hostile and offensive work environment, but did nothing about it.

35.    Plaintiff even requested to be separated by the co-worker sexually harassing her, but Defendant refused.

36.    At all material times, Defendant was Plaintiff's employer, and Plaintiff was Defendant's employee, within the meaning of Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, *et seq.* and Title VII.

37.    Plaintiff was subjected to repeat and continuous discriminatory treatment based upon her gender and/or sex by Defendant through its agents, employees and/or representatives to the point where her status as an employee has been detrimentally affected and her ability to function within her job has been hindered.

38.    The conduct experienced by Plaintiff was severe and pervasive and Defendant refused to take prompt remedial measures.

39.    Defendants' actions were intentional and in disregard for Plaintiff's rights and sensibilities.

40.    As a direct and proximate result of the unlawful actions of the Defendant and their employees, agents and/or representatives, Plaintiff was the subject of discriminatory conduct on the part of Defendants.

41.    At all times relevant, Plaintiff was able to perform her job and did so

when she was not being sexually harassed.

42.    As a result of the sexual harassment and discrimination Plaintiff was subjected to adverse employment actions including being constructively discharged.

43.    As a proximate result of the discriminatory conduct by Schenck Defendants' failure to take remedial action against the intimidation, harassment and discriminatory conduct, Plaintiff has sustained injuries including, but not limited to:

    a.    Lost wages;

    b.    Mental anguish;

    c.    Fright and shock;

    d.    Outrage;

    e.    Anxiety;

    f.    Depression;

    g.    Emotional distress;

    h.    Loss of self-esteem;

    i.    Loss of earnings and other employment benefits; and

    j.    Loss of capacity for the enjoyment of life.

44.    Plaintiff is entitled to punitive damages as Defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and

against Defendants in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## SEXUAL DISCRIMINMTION

45.    Plaintiff incorporates by reference paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46.    Plaintiff was subjected to communications and conduct on the basis of sex when she was repeatedly hit in the butt by the same male co-worker.

47.    Plaintiff is entitled to work in an environment free of sexual jokes, insinuation and conduct.

48.    The co-worker's continued touching of Plaintiff's butt was of a sexual nature, sexual conduct and unwelcome.

49.    Plaintiff personally told the co-worker that his conduct was unwelcome and complained to HR.

50.    Defendant failed to take remedial measures to stop the harassment and Plaintiff was advised she would have to continue working with the co-worker.

51.    The co-worker continued to harass Plaintiff and would go out of his way to try to make eye contact and engage with Plaintiff.

52.    Plaintiff was in fear of her safety because the co-worker knew she complained and he continued to harass her and even became embolden in his conduct.

8

53.    No reasonable person would continued to work under the sexual conduct of the co-worker and Defendant's refusal to take remedial measures and Plaintiff was constructively discharged.

54.    Plaintiff was subjected to an adverse employment action when she was constructively discharged.

55.    Plaintiff was qualified to do the job as office administrator and at all times performed the duties of the job as an exemplary employee.

56.    Plaintiff was replaced by another person due to sex and her refusal to continue to work in a dangerous sexually charged environment..

57.    Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, et seq., and Title VII, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment and/or hostile work environment at work based upon sex

58.    At all material times, Defendant was Plaintiff's employer, and Plaintiff was Defendant's employee, within the meaning of Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, *et seq.* and Title VII.

59.    Plaintiff was subjected to repeat and continuous discriminatory treatment based upon her gender and/or sex by Defendant through its agents, employees and/or representatives to the point where her status as an employee has been  detrimentally affected and her ability to function within her job has been hindered.

60.    The conduct experienced by Plaintiff was severe and pervasive and Defendant refused to take prompt remedial measures.

61.    Defendants' actions were intentional and in disregard for Plaintiff's rights and sensibilities.

62.    As a direct and proximate result of the unlawful actions of the Defendant and their employees, agents and/or representatives, Plaintiff was the subject of discriminatory conduct on the part of Defendants.

63.    At all times relevant, Plaintiff was able to perform her job and did so when she was not being sexually harassed.

64.    As a result of the sexual harassment and discrimination Plaintiff was subjected to adverse employment actions including being constructively discharged.

65.    As a proximate result of the discriminatory conduct by Schenck Defendants' failure to take remedial action against the intimidation, harassment and discriminatory conduct, Plaintiff has sustained injuries including, but not limited to:

a.    Lost wages;

b.    Mental anguish;

c.    Fright and shock;

d.    Outrage;

e.    Anxiety;

f.    Depression;

g.    Emotional distress;

h.    Loss of self-esteem;

i.    Loss of earnings and other employment benefits; and

j.    Loss of capacity for the enjoyment of life.

66.    Plaintiff is entitled to punitive damages as Defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

**COUNT III**
**SEX/GNEDER HARASSMENT**

67.    Plaintiff incorporates by reference paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68.    Plaintiff belongs to a protected class as a female.

69.    Plaintiff was subjected to communications and conduct on the basis of her sex/gender when she was repeatedly touched in the butt by a male co-worker.

70.    The male co-worker never touched male co-worker's butts and targeted Plaintiff due to her sex/gender.

71.    The unwelcome sexual conduct and communication was intended to

and did substantially interfere with Plaintiff's employment and created an intimidating, hostile,  and offensive work environment due to Plaintiff's sex/gender.

72.    Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, et seq., and Title VII, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment and/or hostile work environment at work based upon sex or Plaintiff's gender/sex.

73.    Defendant knew Plaintiff was being sexually harassed and subjected to a hostile and offensive work environment, but did nothing about it.

74.    Plaintiff even requested to be separated by the co-worker sexually harassing her, but Defendant refused.

75.    At all material times, Defendant was Plaintiff's employer, and Plaintiff was Defendant's employee, within the meaning of Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, *et seq.* and Title VII.

76.    Plaintiff was subjected to repeat and continuous discriminatory treatment based upon her gender and/or sex by Defendant through its agents, employees and/or representatives to the point where her status as an employee has been detrimentally affected and her ability to function within her job has been hindered.

77.    The conduct experienced by Plaintiff was severe and pervasive and Defendant refused to take prompt remedial measures.

78.    Defendants' actions were intentional and in disregard for Plaintiff's rights and sensibilities.

79.    As a direct and proximate result of the unlawful actions of the Defendant and their employees, agents and/or representatives, Plaintiff was the subject of discriminatory conduct on the part of Defendants.

80.    At all times relevant, Plaintiff was able to perform her job and did so when she was not being sexually harassed.

81.    As a result of the sexual harassment and discrimination Plaintiff was subjected to adverse employment actions including being constructively discharged.

82.    As a proximate result of the discriminatory conduct by Schenck Defendants' failure to take remedial action against the intimidation, harassment and discriminatory conduct, Plaintiff has sustained injuries including, but not limited to:

   k.    Lost wages;

   l.    Mental anguish;

   m.    Fright and shock;

   n.    Outrage;

   o.    Anxiety;

   p.    Depression;

   q.    Emotional distress;

   r.    Loss of self-esteem;

s.      Loss of earnings and other employment benefits; and

t.      Loss of capacity for the enjoyment of life.

83.     Plaintiff is entitled to punitive damages as Defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT IV
## SEX/GENDER DISCRIMINMTION

84.     Plaintiff incorporates by reference paragraphs 1 through 83 of the Complaint as though fully set forth herein.

85.     Plaintiff was targeted by a male co-worker due to her sex/gender and the male co-worker would intentionally touch Plaintiff's butt.

86.     Plaintiff was subjected to communications and conduct on the basis of her sex/gender and the male co-worker would intentionally touch Plaintiff's butt.

87.     Plaintiff belongs to a protected class as a female.

88.     Plaintiff was subjected to an adverse employment action when she was constructively discharged.

89.     Plaintiff was qualified to do the job as office administrator and at all times

performed the duties of the job as an exemplary employee.

90.    Plaintiff was replaced by another person due to her sex/gender.

91.    Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, et seq., and Title VII, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment and/or hostile work environment at work based upon sex or Plaintiff's gender/sex.

92.    At all material times, Defendant was Plaintiff's employer, and Plaintiff was Defendant's employee, within the meaning of Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, *et seq.* and Title VII.

93.    Plaintiff was subjected to repeat and continuous discriminatory treatment based upon her gender and/or sex by Defendant through its agents, employees and/or representatives to the point where her status as an employee has been  detrimentally affected and her ability to function within her job has been hindered.

94.    The conduct experienced by Plaintiff was severe and pervasive and Defendant refused to take prompt remedial measures.

95.    Defendants' actions were intentional and in disregard for Plaintiff's rights and sensibilities.

96.    As a direct and proximate result of the unlawful actions of the Defendant and their employees, agents and/or representatives, Plaintiff was the subject of discriminatory conduct on the part of Defendants.

15

97.     At all times relevant, Plaintiff was able to perform her job and did so when she was not being sexually harassed.

98.     As a result of the sexual harassment and discrimination Plaintiff was subjected to adverse employment actions including being constructively discharged.

99.     As a proximate result of the discriminatory conduct by Schenck Defendants' failure to take remedial action against the intimidation, harassment and discriminatory conduct, Plaintiff has sustained injuries including, but not limited to:

k.     Lost wages;

l.     Mental anguish;

m.     Fright and shock;

n.     Outrage;

o.     Anxiety;

p.     Depression;

q.     Emotional distress;

r.     Loss of self-esteem;

s.     Loss of earnings and other employment benefits; and

t.     Loss of capacity for the enjoyment of life.

100.     Defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and

against Defendants in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

BY: /s/Scott P. Batey
      SCOTT P. BATEY (P54711)
      Attorney for Plaintiff
      30200 Telegraph Road, Suite 400
      Bingham Farms, MI  48025
      (248) 540-6800
      sbatey@bateylaw.com

Dated: May 18, 2026

## DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, Aeron Gordon, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By:  /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated:  May 18, 2026

18